# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

CIVIL ACTION NO. 17-231-DLB

JASON LEE MULLIKIN                                                          PLAINTIFF

VS.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL PALMER                                                     DEFENDANT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Jason Mullikin is a resident of Maysville, Kentucky. Mullikin has filed a *pro se* Complaint invoking the civil remedy provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). (Docs. #1-1, #1-2). This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Mullikin alleges that in May 2017, Michael Palmer, the head of the Fraternal Order of Police in Maysville, Kentucky, persuaded a company called Cincinnati Temporary Labor in Cincinnati, Ohio not to pay him for a previous day's work on the pretext that Mullikin had not worked that day. Mullikin states that he lost $64.80 in wages as a result, as well as $32.00 in transportation expenses. Mullikin asserts that this constitutes "racketeering" within the meaning of the RICO statute because Palmer *may* have paid dues or made donations to the Fraternal Order of Police, which may constitute an "investment," and that his lost wages constituted a "theft" against a victim. He further

1

alleges that Cincinnati Temporary Labor and the Maysville Police Department are racketeering enterprises, the latter by engaging in "slavery by abuse of legal process, extortion, theft, retaliating against a victim, tampering with a witness, obstruction of state and local law enforcement and wire fraud." (Doc. #1-1 at 3-4).

This is not the first suit Mullikin has filed regarding his lost wages from May 2017. Seven months ago Mullikin filed suit in the United States District Court for the Southern District of Ohio, asserting that a woman named "Nancy" who worked at Cincinnati Temporary Labor violated the RICO statute because she refused to pay him for a day's work, allegedly "as part of a decade long campaign of psychological torture that was designed to induce a slave mentality and silence me about a racketeering organization that operates in Kentucky." That Court dismissed the complaint on initial screening, concluding that Mullikin had "failed to allege that defendant Nancy engaged in at least two predicate acts of racketeering as required for a RICO claim." *Mullikin v. Nancy*, No. 2:17-cv-348-MRB-KLL (S.D. Ohio 2017). Mullikin's present Complaint relates to the same event, but now asserts that Officer Palmer is the culpable party.

Officer Palmer was also a participant in a criminal prosecution against Mullikin in 2009, which resulted in Mullikin's conviction on numerous charges including first-degree wanton endangerment, second-degree burglary, third-degree assault, and third-degree terroristic threatening. Apparently Mullikin had become paranoid that his new next-door neighbor was plotting to harm him, had killed his cat, and was attempting to poison his water. In an effort to deter him, Mullikin attacked the man from behind, and then ran into the victim's home, grabbing a samurai sword and swinging it wildly at him and another man while threatening to kill the latter. After a second competency evaluation concluded

that he was fit to stand trial in the ensuing criminal prosecution, Mullikin reached an agreement to plead guilty and accepted a ten-year sentence. *Mullikin v. Commonwealth*, 341 S.W.3d 99, 101-102 (Ky. 2011); *Mullikin v. Thompson*, No. 2:11-cv-149-WOB-JGW (E.D. Ky. July 18, 2012).

This lawsuit represents the latest in a series of civil suits Mullikin has filed against many of the players involved in that prosecution, including the arresting officers, witnesses, prosecutors, judges, and even innocent bystanders. *See Mullikin v. Rice, et al.*, No. 2:10-cv-294-WOB (E.D. Ky. 2010); *Mullikin v. Byers*, No. 2:16-cv-139-DLB-EBA (E.D. Ky. 2016); *Mullikin v. Wood*, No. 2:17-cv-83-DLB (E.D. Ky. 2017). Those cases have all been dismissed, whether as frivolous, for failure to state a claim, or as lacking in merit.[1] Like the defendants in Mullikin's prior civil suits, Michael Palmer was involved in his criminal prosecution: Officer Palmer served as a detective with the Maysville Police Department. In 2010, Mullikin sued him, allegedly for lying under oath, along with 61 other defendants before later dismissing his suit voluntarily. *Mullikin v. Rice, et al.*, No. 2:10-cv-294-WOB (E.D. Ky. 2010).

As was the case with the previous lawsuits, the Court must dismiss Mullikin's present suit for failure to state a claim under the RICO statute. RICO provides a private remedy to "[a]ny person injured in his business or property by reason of a violation" of the Act's criminal prohibitions. 18 U.S.C. § 1964(c). RICO's criminal provisions provide, in

---

[1] Unable to obtain the vindication to which he believes himself entitled in this district, Mullikin has begun filing complaints in other federal district courts. *Mullikin v. Bertelsman*, No. 1:17-cv-164-GNS (W.D. Ky. 2010). After the case is transferred to this district on venue grounds, the claims in such cases have been dismissed, often as frivolous or for failure to state a claim. *Mullikin v. Bertelsman*, No. 2:17-cv-179-DLB (W.D. Ky. 2010). Mullikin did the same in this case by filing his Complaint in the United States District Court for the Southern District of Ohio, which transferred the action to this Court on grounds of improper venue. (Doc. # 2).

part, that it is a crime for a person to invest any income he or she derived from a pattern of racketeering activity into an enterprise engaged in interstate commerce. 18 U.S.C. § 1962(a). The statute sets forth dozens of acts which constitute "racketeering activity" for purposes of RICO. 18 U.S.C. § 1961(1).

Mullikin alleges that the Maysville Police Department (which employs Officer Palmer, and hence provides him with income) is engaged in racketeering activity through "slavery, [] abuse of process, extortion, theft, retaliating against a victim, tampering with a witness, obstruction of state and local law enforcement and wire fraud." Many of the words or phrases Mullikin uses to describe these activities, such as "retaliating against a victim" and "obstruction of state and local law enforcement," are copied *verbatim* from Section 1961(1)'s list of prohibited activities. But a viable complaint "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements is insufficient. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Mullikin makes no effort to set forth any *facts* to support his claims regarding "retaliation," "obstruction," or any of the other asserted "prohibited activities" set forth in Section 1961(1). Where a complaint does not provide any factual basis for the claims set forth in the complaint, it must be dismissed for failure to state a claim. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.") Mullikin's Complaint is therefore be dismissed for failure to satisfy minimum pleading requirements.

In addition, Mullikin contends that Palmer's possible payment of dues or donations to the Fraternal Order of Police constitutes an "investment" in that organization within the meaning of Section 1962(a).  Notably, Mullikin does not allege that Palmer actually made any such payments.  But even assuming that they were made, Mullikin does not allege or suggest that his injury—less than $100.00 of lost wages and transportation expenses—was proximately caused by Palmer's payment of dues or donations to the Fraternal Order of Police.  Instead, he alleges his loss was caused by Palmer's alleged direction to Cincinnati Temporary Labor to not pay him for one day's wages.  But "a plaintiff alleging a violation of § 1962(a) must demonstrate that she suffered an injury by reason of defendant['s] investment of racketeering income in an enterprise," and not merely as a result of defendant's participation in the predicate acts themselves.  *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir. 1990).  The gravamen of a claim under Section 1962(c) is not injury caused by the commission of acts of racketeering, as Mullikin alleges here, but of injury proximately caused by the *investment of funds* derived from a racketeering enterprise.  *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 494 (6th Cir. 1990).  Mullikin's Complaint therefore fails to state a claim under the civil RICO statute, and must be dismissed.

Accordingly, it is hereby **ORDERED** as follows:

(1)     Mullikin's Complaint (Doc. #1-1) is **DISMISSED**, with prejudice;

(2)     The Court will enter an appropriate judgment; and

(3)     This matter is **STRICKEN** from the Court's active docket.

This 14th day of February, 2018.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\ProSe\Mullikin 17-231-DLB Memorandum RBW.docx